New York State Electric & Gas Corporation, Plaintiff, *v.* Edward Statler et al., Defendants.

Supreme Court, Special Term, Erie County, June 15, 1953.

*Abbott & Hebard* for plaintiff.

*George B. Doyle* for defendants.

Fisher, J. The plaintiff in the above-entitled proceeding has commenced a proceeding for the condemnation of an easement and right of way over real property owned by the defendants. The property is situated in the town of Cheektowaga, New York, and abuts Union Road on the east. The defendants, Edward Statler and Wanda Statler, his wife, are the owners of the property in question and the defendant, Helen Sprada, is the holder of a mortgage which is a lien upon the premises.

The petition and notice of presentation were duly served on all defendants on April 11, 1953, returnable before this court at 2:00 P.M. on April 20, 1953. On the return day of the petition, the defendants appeared in person and by their attorney. On behalf of the defendants, an affidavit sworn to by their attorney was presented and is now before the court. No verified answer to the petition has been served.

By petition, the plaintiff prays that it may be adjudged that the public use and interest require the condemnation of the easement and right of way sought and that petitioner be entitled to take and hold such easement and right of way for the public use specified upon making compensation therefor; that they be entitled to enter on said land for the purposes forthwith; that commissioners of appraisal be appointed to ascertain the compensation to be made to the owners or other persons interested in said land for the easement and right of way to be so taken and for incidental relief.

The defendants claim that it is necessary for the plaintiff to comply with the zoning ordinances of the town of Cheektowaga as a condition precedent to its application to the court for the relief sought in the petition.

Plaintiff's position is that the law governing the location of its power line is contained in the Transportation Corporations Law, specifically subdivision 3 of section 11 thereof, which reads in part: " to lay, erect and construct suitable wires or other conductors, with the necessary poles, pipes or other fixtures in, on, over and under the streets, avenues, public parks and places in such cities, towns or villages, with the consent of the municipal authorities thereof, and in such manner and under such reasonable regulations as they may prescribe."

Neither the Transportation Corporations Law nor the Condemnation Law attempts to fix the location of the property which may be subject to condemnation. Local authorities have that power.

Section 261 of the Town Law authorizes the town board to regulate the location and " use of buildings, structures and land for trade, industry, residence or other purposes."

The town board of Cheektowaga, the location of the property in question, on December 21, 1942, adopted zoning ordinances. The third paragraph of section 17 thereof, reads as follows: " No power house, booster station, distributing station or construction of any kind, or additions to present buildings or structures, shall be erected in either a residence or business district, without permission of the Zoning Board of Appeals, after a public hearing. Notice of such public hearing shall be made in writing to the property owners within a distance of three hundred (300) feet from the nearest point where said construction is proposed to be erected. Such notice to be served by registered mail, properly addressed to the last known address of the owners of the adjoining property, at least ten (10) days before such public hearing."

A utility company such as the plaintiff, is a business corporation and has the same rights as any other business corporation, but because of its business, it must comply with the Transportation Corporations Law and the Public Service Law. It has the right, where it establishes the necessity therefor, and complies with the local ordinances, to condemn property but these rights do not exempt it from complying with the local zoning ordinances.

The town of Cheektowaga zoning ordinances are binding on the plaintiff and a high power transmission line certainly must be included in the definition in the ordinance as a structure of some kind.

The petitioner contends that not being the owner of the property in question, it could not comply with the ordinance. It certainly could qualify under the definition of the term " owner ", as set forth in section 2 of the building code adopted by the town board at the same time as the zoning ordinance.

The term " owner " includes " his duly authorized agent or attorney, a purchaser, devisee, fiduciary and any person having a vested or contingent interest in the property in question." Surely that definition is broad enough to allow the plaintiff to apply to the zoning board of appeals under the provisions of section 17 of the zoning ordinances.

Property owners located within 300 feet of the right of way sought by the plaintiff, among whom are the defendants, have a fundamental right to appear before the zoning board of appeals of the town at a public hearing on an application made in connection with this matter and they should not be deprived of that right.

Because of the failure of the plaintiff to comply with the requirements of the zoning ordinances of the town of Cheektowaga, this proceeding is premature and is denied.