S06A0421, S06X0422. FORSYTH COUNTY et al. v. GEORGIA
TRANSMISSION CORPORATION; and vice versa.
(632 SE2d 101)

THOMPSON, Justice.

In this action for declaratory and injunctive relief, the trial court determined that a Forsyth County ordinance requiring an electric power utility company ("EPUC") to gain approval from the county board of commissioners before constructing a high voltage power transmission line in the county is an infringement upon the exercise of the power of eminent domain and thus violates the Home Rule Act of the Georgia Constitution, Art. IX, Sec. II, Par. I (c) (6). In Case No. S06A0421, Forsyth County appeals from that ruling. In Case No. S06X0422, Georgia Transmission Corporation ("GTC") cross-appeals asserting that the trial court erred in refusing to rule on its claim that the ordinance unconstitutionally violates the Uniformity Clause of the Georgia Constitution of 1983, Art. III, Sec. VI, Par. IV (a). For the reasons which follow, we affirm the judgment in the main appeal, and dismiss the cross-appeal as moot.

GTC is a non-profit corporation, comprised of thirty-nine affiliated electric membership corporations which collectively distribute, transmit and sell electric power throughout the State of Georgia. In 2002 GTC began plans to construct a 230 kv electric transmission line along a 15 to 20-mile corridor in Forsyth County, ultimately ending at a Cumming substation. GTC determined its preferred route for the transmission line and began acquiring property for the project.

In June 2004, Forsyth County amended its Unified Development Code ("UDC") by resolution creating the Forsyth County Power Transmission Line Overlay Zoning District ("ordinance"). The preamble to the resolution states that it is "being adopted pursuant to the zoning power of the Forsyth County Commission found at Art. IX, Sec. II, Para. IV of the Georgia Constitution of 1983." The resolution further provides:

> Whereas the Board of Commissioners of Forsyth County has decided to create a new Power Transmission Line Overlay Zoning District ("PTL-OD") for the construction or installation of any new electric power transmission line whether proposed to be built overhead or underground — and any

related towers or ducts and/or transformers and/or substations — that are capable of transmitting 115 kv or greater, so that any future construction or installation or operation of such a high voltage transmission line, etc., *shall be prohibited unless and until the electric utility associated therewith successfully complies with the PTL-OD procedures being created by this Resolution.*

(Emphasis supplied.) Under the new ordinance, GTC must apply for a zoning map amendment for its proposed power line corridor, and obtain overlay zoning approval from the county for its construction or operation. UDC § 21-6.5. In addition, GTC carries the burden of proving that the conditions governing the construction, operation, and maintenance of the transmission facility are appropriate. UDC § 21-6.5 (D).

The ordinance allows an EPUC to apply for an overlay prior to acquiring ownership in any property along the proposed transmission line route "so as to allow Forsyth County to exercise reasonable zoning regulatory authority over the siting of high power transmission lines without first requiring the utility to go to the possible wasteful expense of acquiring ownership of its preferred route before obtaining final land use authorization." UDC § 21-6.1. Instead of availing itself of the opportunity to seek and obtain overlay approval prior to the acquisition of property, GTC brought the underlying declaratory judgment action against Forsyth County and its Board of Commissioners, challenging the constitutionality of the ordinance and seeking injunctive relief to prevent its enforcement. The trial court determined that the ordinance was an unconstitutional infringement upon GTC's power of eminent domain, thereby violating the home rule provision, and the court permanently enjoined its enforcement. The court declined, however, to address GTC's second basis for attacking the ordinance, i.e., that it is preempted by existing state law, and thus violates the uniformity clause.

*Case No. S06A0421*

1. Forsyth County asserts that the trial court erred in ruling that the ordinance is unconstitutional in that it affects the power of eminent domain as specifically prohibited by the home rule provision.

The Home Rule Act of the Georgia Constitution of 1983, Art. IX, Sec. II, Par. I (a), grants the governing authority of each county the legislative authority "to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government *for which no provision has been made by general law* and

which is not inconsistent with this Constitution." (Emphasis supplied.) The Constitution further provides that the powers granted to counties pursuant to the home rule provision, "shall not be construed to extend to . . . [any] [a]ction *affecting* the exercise of the power of eminent domain." (Emphasis supplied.) Art. IX, Sec. II. Par. I (c) (6).

The general law authorizes an EPUC to exercise the power of eminent domain to effectuate the purpose of furnishing electric power and service. See OCGA §§ 46-3-201 (b) (9)[1] and 22-3-20.[2] Pursuant to this delegated power, GTC is a condemning body with the authority to act as the exclusive judge of the necessities of the public needs. OCGA § 22-2-102.1. Under the Forsyth County ordinance, however, GTC would be required to prove to the county the suitability of its chosen corridor. UDC § 21-6.5 (D).

In two recent cases, this Court has held that certain county ordinances violated the home rule provision by effectively infringing on an EPUC's exercise of its statutory power of eminent domain to acquire property for the construction of a high-voltage power line. See *Rabun County v. Ga. Transmission Corp.*, 276 Ga. 81 (1) (575 SE2d 474) (2003); *Cobb County v. Ga. Transmission Corp.*, 276 Ga. 367 (1) (578 SE2d 852) (2003). In both cases, a county enacted a moratorium on the construction of new high voltage transmission lines.[3] Declaratory judgment actions were brought by GTC, challenging the ordinances as violative of the home rule provision. The trial court in both cases determined that the ordinance effectively infringed on GTC's power of eminent domain to acquire property interests for construction of its proposed power line project. This Court affirmed, holding

---

[1] OCGA § 46-3-201 (b) (9) provides:

(b) Subject to any limitations provided in this article or in any other law, and consistent with the purposes set forth in this article, each electric membership corporation shall have power: . . .

(9) To acquire, own, hold, use, exercise, and, to the extent permitted by law, sell, mortgage, pledge, hypothecate, and in any manner dispose of franchises, rights, privileges, licenses, rights of way, and easements necessary, useful, or appropriate. Any such electric membership corporation shall have the right to acquire rights of way, easements, and all interests in realty necessary and appropriate to effectuate the purposes of such electric membership corporation by condemnation under the same procedure and terms as provided by Title 22 and any other law of this state which provides a method or procedure for the condemnation of property for public purposes by all persons or corporations having the privilege of exercising the right of eminent domain.

[2] OCGA § 22-3-20 provides:

Any person operating or constructing or preparing to construct a plant for generating electricity shall have the right to purchase, lease, or condemn rights of way or other easements over the lands of others in order to run power lines, maintain dams, flow backwater, or carry on other activities necessary for constructing and operating such a plant provided that the person first pays just compensation to the owner of the land to be affected.

[3] The two ordinances differed in length of the prohibition against new power lines.

that the respective ordinances blocked GTC's purpose of constructing high voltage transmission lines and thus violated the home rule provision by affecting the power of eminent domain. *Rabun County*, supra at 81 (1); *Cobb County*, supra at 367 (1).

Forsyth County asserts that unlike the ordinances in issue in the Rabun and Cobb County cases, its ordinance is neither a moratorium nor a per se obstruction to GTC's exercise of eminent domain, and does not unconstitutionally affect GTC's power of eminent domain because it provides only "modest oversight," and fosters and augments, rather than halts, an applicant's plans. The defect in the Forsyth County ordinance is that it forbids the erection of GTC's electric power transmission line unless GTC successfully complies with the procedures established by the ordinance, and it authorizes Forsyth County to deny "any or all" portions of an application. UDC § 21-6.5 (E). This power to wholly preclude construction is an unconstitutional infringement on GTC's legislatively-delegated power of eminent domain. Even without the "any or all" language, the ordinance still authorizes the County to modify an EPUC's plans regarding the location and siting of transmission lines and, in effect, to substitute its own judgment for that of the condemnor. As was stated in *Rabun County*, supra at 86 (3): "There is simply no requirement that GTC demonstrate to [the] County the necessity or the appropriateness of its proposed project. Quite the contrary. OCGA § 22-2-102.1 provides that the condemning body, not the governing authority, is to be the 'exclusive judge' of the 'necessities of the public needs.' " The ability to deny power line corridor applications and halt projects means that the county would be empowered to frustrate GTC's purpose by affecting its power of eminent domain. Thus, the ordinance must fail on this ground.

2. Forsyth County further argues that the expansive zoning power conferred to it under Art. IX, Sec. II, Par. IV should prevail over the home rule powers of Art. IX, Sec. II, Par. I (c) (6), because the zoning provision contains no limitations on the exercise of that power. It should be noted that both provisions are contained within the same Article and Section of our Constitution, that relating to "Home Rule for Counties and Municipalities." Constitutional provisions of equal dignity must be construed in pari passu. *Bradford v. Hammond*, 179 Ga. 40, 46 (175 SE 18) (1934). As noted previously, the home rule provision clothes a county with "legislative power to adopt clearly reasonable ordinances, resolutions, or regulations relating to its property, affairs, and local government," Art. IX, Sec. II, Par. I (a), but specifically excludes from the power granted to counties, any action "affecting the exercise of the power of eminent domain." Id. at (c) (6). To give greater dignity to the zoning provision would require us to

disregard the exclusion contained in subsection (c) (6). "A constitutional provision must be presumed to have been framed and adopted in the light and understanding of prior and existing laws and with reference to them." *Clarke v. Johnson*, 199 Ga. 163, 166 (33 SE2d 425) (1945). Accordingly, this argument is without merit.

3. Relying on *Macon Assn. for Retarded Citizens v. Macon-Bibb County Planning & Zoning Comm.*, 252 Ga. 484 (314 SE2d 218) (1984), Forsyth County asserts that EPUCs should not be exempt from local zoning regulations. In that case a governmentally financed nonprofit organization requested a zoning amendment that would allow construction and operation of a group home in an area zoned for single-family dwellings. The trial court determined that the nonprofit corporation was subject to local zoning regulations. This Court affirmed, holding that: "property owned by a nonprofit corporation is not immune from local zoning regulations, even if the corporation is performing services which are governmental in nature, at least in the absence of a clear expression of intent by the legislature that such immunity be extended." Id. at 490 (6). Forsyth County submits that this holding should subject EPUCs, also nonprofit corporations, to local zoning regulations. The obvious distinction is that OCGA § 46-3-201 (b) (9) provides a clear expression of legislative intent to delegate the power of eminent domain to EPUCs such as GTC, and in that regard, to exempt it from local zoning laws. Thus, reliance on *Macon Assn.*, supra, is misplaced.

4. Finally, Forsyth County argues that public policy weighs in favor of upholding the ordinance, and that like other jurisdictions this Court should find that the power of governments to regulate activities that affect the health, safety and welfare should also encompass regulation of the placement and maintenance of high voltage transmission lines. See, e.g., *Potomac Edison Co. v. Jefferson County Planning & Zoning Comm.*, 204 W. Va. 319 (512 SE2d 576) (1998); *New York State Electric & Gas Corp. v. Statler*, 204 Misc. 7 (122 NYS2d 190) (1953); *Porter v. Southwestern Pub. Svc. Co.*, 489 SW2d 361 (Tex. App. 1972). It must be noted, however, that statutory schemes vary from state-to-state, and that states that require EPUCs to submit to local zoning ordinances generally do so only in the absence of any statutory exemption. See *Potomac Edison*, supra at 322 (III) (A). Since our legislature has expressly chosen to allow EPUCs rather than local governments to decide the necessity of eminent domain, we decline to adopt Forsyth County's policy argument.

*Case No. S06X0422*

5. GTC cross-appeals asserting that the trial court erred in failing to rule that the ordinance is preempted by OCGA § 22-3-160.1[4] and, therefore, violates the uniformity clause. The trial court, however, declined to address the question, having "already found the present ordinance as written to be unconstitutional" on other grounds. We do not reach the second constitutional ground either because the trial court did not distinctly rule on the point, see *Haynes v. Wells*, 273 Ga. 106 (3) (538 SE2d 430) (2000); and because our ruling in the main appeal " 'renders it unnecessary to pass upon the other ground of attack upon the constitutionality of (the ordinance).' " *Cobb County*, supra at 368 (2). Since the cross-appeal presents nothing for this Court to review, it must be dismissed.

*Judgment affirmed in Case No. S06A0421; cross-appeal dismissed in Case No. S06X0422. All the Justices concur.*

DECIDED JUNE 26, 2006.

*Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Cecil G. McLendon, Jr., Nancy I. Jordan*, for Georgia Transmission Corporation.

*George E. Butler II, Fox, Chandler, Homans, Hicks & McKinnon, Joseph A. Homans, Troutman Sanders, Donald W. Janney, Krevolin & Horst, Jeffrey D. Horst, Michael J. Jacobs, Doffermyre, Shields, Canfield & Knowles, Leslie J. Bryan, Wendy S. Butler, Alan R. Perry, Jr.*, amici curiae.

---

[4] OCGA § 22-3-160.1 sets forth various requirements that must be satisfied prior to a utility company exercising the right of eminent domain.