S07A0342, S07A0777. FOWLER PROPERTIES, INC. et al. v. DOWLAND; and vice versa.
(646 SE2d 197)

THOMPSON, Justice.

On December 18, 2002, Cynthia Dowland initiated a tort action against Fowler Properties, Inc., and St. Thomas Square, Ltd. (hereafter "Fowler Properties") for damages she allegedly sustained when she slipped and fell on ice in a parking lot owned by the defendants.[1] On July 29, 2005, Fowler Properties made an "offer of judgment" pursuant to OCGA § 9-11-68 seeking to settle plaintiff's claims for $20,000. Dowland did not accept the offer, and after 30 days, it was deemed rejected by Fowler Properties. The case went to trial and a jury reached a verdict in favor of Fowler Properties. Dowland filed an out-of-time extraordinary motion for new trial. Fowler Properties filed a motion for attorney fees and expenses of litigation pursuant to

---

[1] A third named defendant, Waffle House, Inc., was dismissed as a party to the action by consent order.

OCGA § 9-11-68, supported by affidavits establishing that defendants had incurred $9,326 in defense of the litigation from the time frame beginning 30 days after the submission of the offer of judgment to final judgment. In a single order, the trial court denied Dowland's motion for new trial, and despite a finding that the submission of attorney fees was "reasonable," the court denied the request, ruling sua sponte that OCGA § 9-11-68 is unconstitutional on a variety of grounds. In Case No. S07A0342, Fowler Properties appeals the trial court's determination that OCGA § 9-11-68 is unconstitutional; in Case No. S07A0777, Dowland appeals from the denial of her motion for new trial. For the reasons that follow, we affirm both cases.

### Case No. S07A0342

1. OCGA § 9-11-68 was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005, during the pendency of this litigation. The Code section was amended by Ga. L. 2006, p. 447, § 1/HB 239, effective April 27, 2006. In pertinent part, OCGA § 9-11-68 (b) (1) provides:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant . . . from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

Fowler Properties submits that the trial court erred in ruling that OCGA § 9-11-68 violates Art. I, Sec. I, Par. X of the Georgia Constitution as a retrospective application of law which alters vested rights.

> "Laws prescribe . . . for the future; they cannot impair the obligation of contracts, nor, ordinarily, have a retrospective operation." OCGA § 1-3-5. . . . But, a statute does not operate retrospectively in its legal sense simply " 'because it relates to antecedent facts, . . . it [must be] intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence.' " *Appalachee Enterprises v. Walker*, 266 Ga. 35 (2) (463 SE2d 896) (1995) (quoting *Ross v. Lettice*, 134 Ga. 866, 868 (68 SE 734) (1910)). That is, retrospective

operation " 'takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past.' " *Appalachee Enterprises*, supra at 37 (quoting *Ross*, supra). See also *Coastal Ga. Regional Dev. Center v. Higdon*, 263 Ga. 827, 830 (2) (439 SE2d 902) (1994). But where the statute merely cures defects, enforces existing obligations, or confirms existing rights, it does not impair the substantive rights of the party and is not void. *Seaboard Air-Line R. Co. v. Benton*, 175 Ga. 491, 498 (3) (165 SE 593) (1932); *Byers v. Black Motor Co.*, 65 Ga. App. 773, 779 (16 SE2d 478) (1941).

*DeKalb County v. State of Ga.*, 270 Ga. 776, 777-778 (1) (512 SE2d 284) (1999).

In summary, legislation which involves mere procedural or evidentiary changes may operate retrospectively; however, legislation which affects substantive rights may only operate prospectively. *Enger v. Erwin*, 245 Ga. 753, 754 (267 SE2d 25) (1980). The distinction is that a substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations. *Polito v. Holland*, 258 Ga. 54 (3) (365 SE2d 273) (1988).

When Dowland instituted her tort action on December 18, 2002, the possibility that she may be responsible for paying the opposing party's attorney fees and expenses of litigation by rejecting an offer of settlement did not exist because OCGA § 9-11-68 did not take effect until more than three years later. OCGA § 9-11-68 (b) (1) does not merely prescribe the methods of enforcing rights and obligations, but rather affects the rights of parties by imposing an additional duty and obligation to pay an opposing party's attorney fees when a final judgment does not meet a certain amount or is one of no liability. By creating this new obligation, the statute operates as a substantive law, which is unconstitutional given its retroactive effect to pending cases like this one.

Alternatively, Fowler Properties asserts the statute should be upheld given that the legislature explicitly intended for its retroactive application.[2] We reject this argument because "the legislature may not enact a statute to apply retrospectively in violation of our constitutional provision barring retroactive laws." *Hargis v. Dept. of*

---

[2] The preamble to Senate Bill 3 states the legislative intent that OCGA § 9-11-68 is among those provisions of the Act that "shall apply to causes of action pending on its effective date, unless such application would be unconstitutional."

*Human Resources*, 272 Ga. 617, 618 (533 SE2d 712) (2000). See also *Canton Textile Mills v. Lathem*, 253 Ga. 102 (1) (317 SE2d 189) (1984).

2. Our conclusion that OCGA § 9-11-68 is unconstitutional as a retrospective law "renders it unnecessary to pass upon the other ground[s] of attack upon the constitutionality of this act." *Floyd County v. Scoggins*, 164 Ga. 485, 490 (139 SE 11) (1927). See also *Forsyth County v. Ga. Transmission Corp.*, 280 Ga. 664 (5) (632 SE2d 101) (2006); *Cobb County v. Ga. Transmission Corp.*, 276 Ga. 367 (2) (578 SE2d 852) (2003).

## Case No. S07A0777

3. "[I]t is the duty of this court to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence of such jurisdiction." (Citation and punctuation omitted.) *Washington v. State*, 276 Ga. 655, 656 (1) (581 SE2d 518) (2003).

A final judgment was entered in this case on October 24, 2005. On November 28, 2005, Dowland filed an "extraordinary motion for new trial," in which she acknowledged that the time for filing a motion for new trial had expired five days earlier (see OCGA § 5-5-40), and setting forth cause for the late filing.

> OCGA § 5-5-41 (a) gives the trial judge the discretion to allow the filing of an extraordinary motion for new trial after the expiration of the 30-day period where "some good reason [is] shown why the motion was not made during such period." Normally, of course, the "good reason" necessary to permit the filing of an extraordinary motion for new trial consists of newly discovered evidence.

*Martin v. Children's Sesame, Inc.*, 188 Ga. App. 242 (1) (372 SE2d 648) (1988). However, as was the case here, "the late filing of a motion for new trial may also be predicated on circumstances other than newly discovered evidence." Id. While no ruling on that motion is contained in the record on appeal or requested in the notice of appeal, the trial court

> implicitly granted such permission by expressly recognizing appellant's pleading as both a request to file an out-of-time motion for new trial and as a motion for new trial, by holding an evidentiary hearing on the merits of the motion for new trial, and by denying the motion for new trial on its merits.

*Washington*, supra at 656 (1). Thus, we have appellate jurisdiction of the appeal and address the merits. Id.

4. Dowland contends that she is entitled to a new trial because the trial court erred in refusing to answer the following question from the jury during deliberations: "Did Mr. or Mrs. Dowland say that she slipped because of ice?"

A trial judge may, "in [its] discretion, . . . permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. . . . The court may also, in its discretion, refuse such a request." *Byrd v. State*, 237 Ga. 781, 783 (1) (229 SE2d 631) (1976). In this case, the court determined that Dowland's testimony was very lengthy, and that she was not steadfast as to what caused her to fall. In order to fairly answer the jury's question and avoid giving undue prominence to a particular statement, the court concluded that the court reporter's tape of Dowland's entire testimony would have to be played which would have been "impractical."[3] The court responded to the question by advising the jury that "it was an issue that was touched on both on direct and cross and redirect and recross. And the only way that I could get that back to you would be — it would be virtually impossible. . . . I'm just going to have to ask that you rely on your respective memories as to what the evidence was."

> "Whether the trial court will require the court reporter to read former testimony is a matter resting in its sound discretion." [Cit.] It has long been the law in Georgia that a judgment will not be reversed because the trial court declines to aid the jury in recalling the evidence and refuses a request to have certain testimony read back. *Byrd*[, supra at 782 (1)]; *Compton v. State*, 179 Ga. 560, 567 (6) (176 SE 764) (1934).

*Young v. State*, 246 Ga. App. 651, 653 (2) (541 SE2d 670) (2000). Our review of Dowland's testimony confirms that it is indeed lengthy and that she vacillated throughout as to the cause of her fall and the conditions on the ground. We hold that the trial court properly exercised its discretion in refusing to parse Dowland's testimony or to have the tape played in its entirety to the jury.[4] Id.

5. We find no error in the court's refusal to give Dowland's proposed jury instruction to the effect that an "accumulation of naturally occurring ice does not negate an owner's duty to exercise ordinary care in inspecting the premises in every circumstance." The

---

[3] The evidence had not yet been transcribed.

[4] Although the jury inquired both as to Mr. and Mrs. Dowland's testimony, Mr. Dowland's testimony is omitted from the record on appeal and, therefore, cannot be reviewed.

trial court substantially covered the principles embodied in the proposed charge by instructing that:

> The defendant is not required to warrant the safety of all persons from all things, but to exercise the diligence toward making the premises safe that a good business person is accustomed to use in such matters. This includes inspecting the premises to discover possible dangerous conditions of which the defendant does not have actual knowledge and taking reasonable precautions to protect invitees from dangers foreseeable from the arrangement or the use of the premises.

In addition, the court charged that a "defendant makes an implied representation that reasonable care has been exercised to make the [premises] safe," and that "the entering plaintiff is entitled to expect that the defendant has exercised, and will continue to exercise, reasonable care to make the premises safe."

Where the charge given is an accurate statement of law and substantially covers the principles in the requested charge, failure to give the instructions in the exact language requested is not error. *Roach v. Employees' Retirement System of Ga.*, 275 Ga. 447 (2) (569 SE2d 540) (2002). Both the charge requested and the charge given cover a proprietor's duty to exercise ordinary care, including the duty to inspect the premises for dangerous conditions. See *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997); OCGA § 51-3-1. With respect to ice accumulation, the duty is assessed "under general applicable principles of negligence" and the decision is based "upon whether or not the landlord has used reasonable care to keep the approaches reasonably safe." *Fincher v. Fox*, 107 Ga. App. 695, 698 (1) (131 SE2d 651) (1963). We find no error in the jury instruction as it relates to the duty of ordinary care.

*Judgments affirmed. All the Justices concur.*

DECIDED JUNE 4, 2007.

*Claxton & Claxton, William P. Claxton, Darcy S. DuVal*, for appellants.

*Lee W. Fitzpatrick*, for appellee.

*Robertson, Bodoh & Nasrallah, Matthew G. Nasrallah, Powell Goldstein, William V. Custer IV, Eric P. Schroeder*, amici curiae.