A08A1278. OLARSCH v. NEWELL.
(671 SE2d 253)

BARNES, Chief Judge.

Jeffrey G. Olarsch appeals the order of the trial court awarding attorney fees and costs of litigation pursuant to OCGA § 9-11-68, and the order dismissing his appeal of the defense verdict. The underlying renewal action was filed in May 2004 and arose from a 2000 car accident involving Olarsch and Billy Greg Newell. For the reasons that follow, we reverse the award of attorney fees and costs and remand for further proceedings. We affirm the order dismissing the notice of appeal.

The trial resulted in a defense verdict for Newell on October 6, 2006, and Newell moved for attorney fees under OCGA § 9-11-68. On November 6, 2006, Olarsch filed a motion requesting an extension of time to file a motion for a new trial and for judgment notwithstanding the verdict ("JNOV"). The trial court entered judgment on November 8, 2006. On November 20, 2006, Olarsch filed a document designated as a "combined preliminary rule 9-15-14 motion, motion for an expansion of time to file a more particularized motion and supplemental 6 November 2006 combined motions."

By order dated November 30, 2006, the trial court set a hearing on the motions for new trial and attorney fees for February 22, 2007. On February 20, Olarsch's attorney faxed to the court and Newell an emergency motion requesting a continuance of 60 days. Counsel noted that he had several health issues, including "possible cancer" and a seriously injured lower back. He included a no-work slip from his doctor dated February 12, 2007, which stated that counsel could not work until February 26, 2007. The parties were apparently verbally instructed that the hearing would proceed as scheduled, and neither Olarsch nor his counsel was present at the hearing.

On March 5, 2007, the trial court entered a final judgment and order denying Olarsch's motion for expansion of time to file a motion for new trial and motion for JNOV finding that

the motion was filed November 6, 2006. . . . Judgment on the verdict returned in open Court in favor of defendant was

not entered in this case until November 8, 2006. A Motion for New Trial cannot be made until entry of judgment, OCGA § 5-5-40 (a). Any such premature motion is null and void.

The court also denied Olarsch's OCGA § 9-15-14 motion, motion for expansion of time and motion to supplement the November 6 motions. The trial court held that the OCGA § 9-15-14 motion was untimely and "the motion [did] not allege any basis for the award," and that since the "November 6, 2006 [motions] are null and void, there is nothing to supplement." In the order, the trial court noted that Olarsch had previously filed eight emergency motions to postpone the hearing.

In a separate order, also filed March 5, 2007, the trial court found that Newell's

> Motion for Attorney's fees was briefed and was not opposed by [Olarsch's] counsel. The Court finds that [Olarsch] failed to respond to the offer of judgment letter under OCGA § 9-11-68 and [Newell] received a defense verdict. The Court also found that the progress of this case and the trial were substantially delayed due to [Olarsch's] actions, which were interposed solely for delay and harassment. This Court finds that [Newell] is entitled to receive attorney's fees under either OCGA § 9-11-68 or OCGA § 9-115-14 (b) [sic].

The trial court awarded attorney fees against Olarsch in the amount of $73,487.60.

On April 2, 2007, Olarsch filed a notice of appeal from both orders, which he later amended "by attaching hereto and incorporating by reference herein his Pauper's Affidavit to relieve him of paying any and all costs associated with this appeal." On June 19, 2007, Olarsch filed a separate action in the superior court in an apparent attempt to file a "Rule 60 motion" regarding the attorney fees awarded against him, and a pauper's affidavit maintaining that he was indigent. The trial court denied these motions, and Olarsch filed an application for discretionary appeal in this court.

Newell filed a motion to dismiss the appeal, asserting that there was no appealable decision because Olarsch had not appealed the final judgment within 30 days of its entry on November 8, 2006, and had not paid costs or ordered the transcript of the February 2007 hearing. The trial court granted the motion, finding that "[t]here being no Motion for New Trial or Motion JNOV ever filed in this case, the notice of appeal was considerably later than the thirty days

allowed for filing such notice. The final Judgment in this case was entered November 8, 2006.''

Olarsch filed numerous notices of appeals from the various orders; however, the only issues that remain for this court relate to the award of attorney fees, the dismissal of his appeal, and the denial of his motion for extension of time to file his new trial motion and JNOV.[1]

1. In several enumerations of error, Olarsch contends that the trial court erred in awarding attorney fees and costs to Newell. He argues that OCGA § 9-11-68 was unconstitutional as applied, that the evidence did not support a ruling under OCGA § 9-15-14, and that his "Rule 60 motion" should have been granted.

It appears from the record that a hearing on attorney fees was held on February 22, 2006. The transcript is not included in the record, but it is undisputed that Olarsch and his attorney were not present at the hearing. Apparently, two days before the hearing Olarsch's counsel attempted to file an emergency motion for a continuance because he was under a doctor's orders not to work. The trial court apparently notified counsel's office that the doctor's excuse was not satisfactory without more information about the illness and that the hearing would not be continued. On the day of the hearing, the trial court called counsel's office and was informed that he was home under doctor's orders and would not be at the hearing. The trial court held the hearing without Olarsch or his counsel and awarded fees and costs to Newell against Olarsch only, not his counsel, totaling $73,487.60, based on OCGA §§ 9-11-68 and 9-15-14. OCGA § 9-11-68 cannot form the basis of the fee award, however, because our Supreme Court declared that a retroactive application of the statute covering this time frame was unconstitutional. Further, while the trial court may award fees on its own motion under OCGA § 9-15-14, that award must include specific findings of fact which are missing here. The record is particularly devoid of claims by Newell against Olarsch himself, as opposed to Olarsch's counsel.

OCGA § 9-11-68 was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005, during the pendency of this litigation. The Code section was amended by Ga. L. 2006, p. 589, § 1/HB 239, effective April 27, 2006. In pertinent

---

[1] Olarsch had also appealed the denial of his indigent status, and this court reversed and remanded with instruction that the trial court hold a hearing on the issue. Olarsch later requested that the hearing be cancelled as he borrowed funds to pay the costs associated with the appeal. The trial court subsequently ruled that Olarsch was not indigent.

part, OCGA § 9-11-68 (b) (1) provides:

> If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant . . . from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

When Olarsch instituted his tort action in May 2004,

> the possibility that [he] may be responsible for paying the opposing party's attorney fees and expenses of litigation by rejecting an offer of settlement did not exist because OCGA § 9-11-68 did not take effect until [two] years later. OCGA § 9-11-68 (b) (1) does not merely prescribe the methods of enforcing rights and obligations, but rather affects the rights of parties by imposing an additional duty and obligation to pay an opposing party's attorney fees when a final judgment does not meet a certain amount or is one of no liability. By creating this new obligation, the statute operates as a substantive law, which is unconstitutional given its retroactive effect to pending cases like this one.

*Fowler Properties v. Dowland*, 282 Ga. 76, 78 (1) (646 SE2d 197) (2007). Therefore the trial court's award of attorney fees under OCGA § 9-11-68 is reversed.

OCGA § 9-15-14 (b) allows the court to assess fees on the court's own motion, if it finds that an attorney or party "unnecessarily expanded the proceeding by other improper conduct." An award of fees under OCGA § 9-15-14 (b) is discretionary and the standard of review is the abuse of discretion. *Gibson v. Southern Gen. Ins. Co.*, 199 Ga. App. 776, 778 (3) (406 SE2d 121) (1991). But "a party opposing a claim for attorney fees has a basic right to confront and challenge testimony as to the value and need for legal services. [Cit.]" *Mitcham v. Blalock*, 214 Ga. App. 29, 32-33 (2) (447 SE2d 83) (1994). The party against whom frivolous litigation sanctions are sought has a right to be heard before such sanctions are imposed, and the record shows neither Olarsch nor his attorney were afforded such an opportunity.

Additionally, the trial court must specify the conduct by the attorney or party upon which the award is made under OCGA § 9-15-14, and a judgment for attorney fees devoid of such findings must be vacated and the case remanded for reconsideration. *Mize v.*

VALUE LAW LIBRARY

*Regions Bank*, 265 Ga. App. 635, 636 (2) (595 SE2d 324) (2004). Upon remand, after giving Olarsch an opportunity to be heard, if the trial court awards fees to Newell against either the attorney or Olarsch or both, the trial court must give an explanation of the statutory basis for the award and any findings necessary to support it. *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006).

2. In several enumerations Olarsch contends that the trial court erred in dismissing his notice of appeal from the final judgment as untimely. We do not agree.

The record reflects that Olarsch filed a motion for extension of time to file a new trial and motion for JNOV two days before judgment was entered. Pursuant to OCGA § 5-6-39 (b), "[n]o extension of time shall be granted for the filing of motions for new trial or for judgment notwithstanding the verdict." Olarsch was required to file a motion for new trial and JNOV within 30 days after the entry of judgment. See OCGA §§ 5-5-40; 9-11-50. No appeal was taken from the November 8, 2006 final judgment until April 2, 2007.

Thus, the trial court did not err in dismissing Olarsch's notice of appeal.

Accordingly, we reverse the trial court's grant of attorney fees and affirm the order dismissing Olarsch's notice of appeal from the final judgment.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Johnson, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 20, 2008 —
RECONSIDERATION DENIED DECEMBER 12, 2008 —

*Ralph J. Villani*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Rachel A. Fuerst, Ronald W. Parnell*, for appellee.