## A10A1406. L. P. GAS INDUSTRIAL EQUIPMENT COMPANY v. BURCH et·al.

(701 SE2d 602)

ELLINGTON, Judge.

Joe Burch was injured on December 14, 2004, when a vaporizer exploded. In February 2006, Burch and his wife, Sandra, filed a negligence action in the Superior Court of Fayette County, against A-Tech Equipment, Inc. and other defendants. In June 2006, the Burches amended the complaint and added a claim against L. P. Gas Industrial Equipment Company ("L. P."). After L. P. won a defense verdict,[1] it filed a motion pursuant to OCGA § 9-11-68 for the attorney fees and expenses of litigation it incurred after the Burches rejected its settlement offer.[2] The trial court denied L. P.'s motion, and L. P. appeals, contending the trial court erred in failing to enforce

---

[1] The jury found in Joe Burch's favor against A-Tech Equipment, Inc.

[2] As enacted, OCGA § 9-11-68 (b) provided:
When [a] complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer and the judgment finally obtained by the offeree was not at least 25 percent more favorable than the last offer, the offeree shall pay the offeror's reasonable attorney's fees and costs incurred after the rejection of the last offer.
Ga. L. 2005, p. 1, § 5.
As amended in 2006, OCGA § 9-11-68 (b) provides:
 (1) If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant . . . from the·date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.
 (2) If a plaintiff makes an offer of settlement which is rejected by the defendant and the plaintiff recovers a final judgment in an amount greater than 125 percent of such offer of settlement, the plaintiff shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the plaintiff or on the plaintiff's behalf from the date of the rejection of the offer of settlement through the entry of judgment.
Ga. L. 2006, p. 589, § 1.

OCGA § 9-11-68. For the reasons that follow, we affirm.[3]
 It is well settled that

> legislation which involves mere procedural or evidentiary
> changes may operate retrospectively; however, legislation
> which affects substantive rights may only operate prospec-
> tively. The distinction is that a substantive law creates
> rights, duties, and obligations while a procedural law pre-
> scribes the methods of enforcing those rights, duties, and
> obligations.

(Citations omitted.) *Fowler Properties v. Dowland*, 282 Ga. 76, 78 (1)
(646 SE2d 197) (2007).[4] In *Fowler Properties*, the Supreme Court of
Georgia determined that OCGA § 9-11-68 (b) operates as a substan-
tive law because it "affects the rights of parties by imposing an
additional duty and obligation to pay an opposing party's attorney
fees when a final judgment does not meet a certain amount or is one
of no liability." 282 Ga. at 78 (1).[5] Consequently, OCGA § 9-11-68 (b)
may only operate prospectively. Id.
 L. P. contends that OCGA § 9-11-68 applies in this case because
the Burches filed their tort claims after the effective date of the Code
section, February 16, 2005.[6] As L. P. notes, the Supreme Court of
Georgia stated its holding in *Fowler Properties* as follows:

> When [the plaintiff] instituted her tort action on December
> 18, 2002, the possibility that she may be responsible for
> paying the opposing party's attorney fees and expenses of
> litigation by rejecting an offer of settlement did not exist
> because OCGA § 9-11-68 did not take effect until more
> than three years later. . . . By creating [a] new obligation [to
> pay an opposing party's attorney fees when a final judgment
> does not meet a certain amount or is one of no liability], the
> statute operates as a substantive law, which is unconstitu-
> tional given its retroactive effect to pending cases like this
> one.

---

[3] "We owe no deference to a trial court's ruling on questions of law and review such issues de novo under the 'plain legal error' standard of review." (Citations omitted.) *Laughlin v. City of Atlanta*, 265 Ga. App. 61, 63 (592 SE2d 874) (2004).

[4] See OCGA § 1-3-5 ("Laws prescribe only for the future; they cannot impair the obligation of contracts nor, ordinarily, have a retrospective operation.").

[5] The logical converse of the Supreme Court's analysis is that, in a tort action to which OCGA § 9-11-68 (b) does *not* apply, a party will *not* have a duty and obligation to pay the opposing party's attorney fees because the final judgment does not meet a certain amount relative to a settlement offer or is one of no liability.

[6] Ga. L. 2005, p. 1, §§ 5, 15.

282 Ga. at 78 (1). Based on this language, L. P. argues that OCGA § 9-11-68 is deemed to have an unconstitutional retroactive effect only on actions that were pending on February 16, 2005.[7]

As the Burches contend, however, the substantive rights of the parties in a negligence case "are fixed at the time of the injury or event on which liability depends," quoting *Glover v. Colbert*, 210 Ga. App. 666, 669 (437 SE2d 363) (1993). See also *Browning v. Maytag Corp.*, 261 Ga. 20, 21 (401 SE2d 725) (1991) (The plaintiffs' products liability action based upon a negligence theory accrued at the time of injury.). This means, inter alia, that the law that is in effect at the time of injury controls the substantive aspects of any ensuing litigation, such as whether the injured person has a right to sue the alleged tortfeasor, the elements of the plaintiff's cause of action, and the limitations, if any, on the defendant's liability. Id. (Because the statute in question, OCGA § 51-1-11 (c), which applies a ten-year statute of repose to negligent product liability actions, affects a plaintiff's substantive rights, and because the plaintiffs' injury occurred before the effective date of that Code section, the statute could not be applied to bar the plaintiffs' claim even though they filed their claim after the legislation's effective date.)[8] It follows that, because OCGA § 9-11-68 (b) operates as a substantive law, and because it was not yet in effect in 2004 when the Burches' substantive rights became fixed, they were entitled to seek compensation in tort from L. P., free from any duty and obligation to pay L. P.'s attorney fees if they failed to obtain a final judgment that was at least 75 percent of any offer of settlement.[9] Because OCGA § 9-11-68

---

[7] See also *Mikesell v. RP Motorsports*, 283 Ga. 476, 477 (660 SE2d 534) (2008) (Because OCGA § 9-11-68 was not effective until February 2005, it did not apply to the plaintiff's cause of action "which accrued in September 2002 and for which a legal complaint was filed in February 2003."); *Olarsch v. Newell*, 295 Ga. App. 210, 213 (1) (671 SE2d 253) (2008) (Where the plaintiff was injured in 2000 and filed suit in May 2004, OCGA § 9-11-68 did not apply to the plaintiff's cause of action.).

[8] See also *DaimlerChrysler Corp. v. Ferrante*, 281 Ga. 273, 274 (1) (637 SE2d 659) (2006) (Because OCGA § 51-14-1 et seq. established a new element to a claim for asbestos-related injuries, and therefore affects a plaintiff's substantive rights, the statute cannot be applied to cases in which the cause of action accrued before the legislation's effective date.); *Enger v. Erwin*, 245 Ga. 753, 755 (267 SE2d 25) (1980) (The General Assembly's repeal of the statute that created a cause of action for alienation of affections did not affect the plaintiff's right to sue because his substantive rights under that statute vested before the cause of action was abolished.); *F. H. Ross & Co. v. White*, 224 Ga. 324, 325 (2) (161 SE2d 857) (1968) (Because the right of contribution between joint trespassers is a substantive right created by the predecessor to OCGA § 51-12-32, the statute did not apply where the plaintiff's injury occurred before the effective date of the legislation.); *Glover v. Colbert*, 210 Ga. App. at 669 (The General Assembly's repeal of OCGA § 33-34-9 (b), which provided that a plaintiff could not recover against a tortfeasor damages for which minimum, mandatory no-fault compensation was available, did not operate retroactively to deprive the defendant of the limitation on his liability because the defendant's statutory right vested when the plaintiff was injured.).

[9] By the same token, because OCGA § 9-11-68 was not in effect when the Burches' cause

is inapplicable to this case, the trial court did not err in denying L. P.'s motion for attorney fees and expenses of litigation.[10]

*Judgment affirmed. Miller, C. J., Phipps, P. J., Barnes, P. J., Johnson and Doyle, JJ., concur. Andrews, P. J., dissents.*

ANDREWS, Presiding Judge, dissenting.

In order to free this plaintiff from the burden of paying L. P.'s fees after the jury's verdict in its favor, the majority misreads the Supreme Court of Georgia's decision in *Fowler Properties* and misapplies a familiar rule concerning the accrual of "substantive" rights. Although it has not faced the question directly, our Supreme Court has strongly suggested that the fee recovery statute should be applied to a claim brought after the statute's effective date. I therefore dissent.

As the majority correctly points out, our Supreme Court has held that

> OCGA § 9-11-68 (b) (1) does not merely prescribe the methods of enforcing rights and obligations, but rather affects the rights of parties by imposing an additional duty and obligation to pay an opposing party's attorney fees when a final judgment does not meet a certain amount or is one of no liability. By creating this new obligation, the statute operates as a substantive law.

*Fowler Properties v. Dowland*, 282 Ga. 76, 78 (1) (646 SE2d 197) (2007). It is no less true that we have often held in other contexts that a "substantive" right accrues "at the time of the injury or event on which liability depends." See *Glover v. Colbert*, 210 Ga. App. 666, 669 (437 SE2d 363) (1993), and the cases cited therein and at the conclusion of the majority opinion.

The majority's mistake is to take these holdings at face value

---

of action accrued, they would not have been entitled to a benefit conferred on plaintiffs by the statute, that is, the right to recover their own attorney fees and expenses of litigation if L. P. had rejected their settlement demand and if they had obtained a final judgment "in an amount greater than 125 percent of such offer of settlement." OCGA § 9-11-68 (b) (2).

[10] Contrary to Judge Andrews' reasoning in his dissent in this case, a defendant is not necessarily "first made obligated to expend fees concerning the legal claim against him . . . when the plaintiff files her suit." In many cases, a plaintiff and a defendant engage, with the assistance of attorneys, in extensive pre-suit investigation and negotiation. In addition, a plaintiff's (potential) liability for the defendant's attorney fees and expenses of litigation under OCGA § 9-11-68 (b) is based, not on the filing of a suit which is frivolous, but on the rejection of a settlement offer, and the amount of a plaintiff's liability is limited to "reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment[.]" Because the statute does not reach back to the date the plaintiff files suit, it is illogical to maintain that a defendant's right to fees and expenses would accrue on that date.

without understanding the distinguishing features of a defendant's claim for fees under OCGA § 9-11-68. Just as a *defendant*'s liability for a *claim* accrues at the time of a *plaintiff*'s injury, a *plaintiff*'s liability for *fees* (after the rejection of a settlement offer) should be held to accrue at the time a *defendant* is first made obligated to expend fees concerning the legal claim against him — that is, when the plaintiff files her suit. The Supreme Court itself has emphasized the primacy of this date when it pointed out in *Fowler* that *"[w]hen Dowland instituted her tort action . . .* , the possibility that she may be responsible for paying the opposing party's attorney fees and expenses of litigation by rejecting an offer of settlement did not exist because OCGA § 9-11-68 did not take effect until more than three years later." (Emphasis supplied.) Id. at 78. The Supreme Court also went on to say that imposing liability for fees would create an impermissibly retroactive effect only in *"pending* cases like this one." (Emphasis supplied.) Id.

The only sensible construction of *Fowler* is that OCGA § 9-11-68 does *not* have an impermissibly retroactive effect on cases brought after the statute's effective date. This is so because a defendant's fee expenditures can begin only when a plaintiff brings her claim, thus commencing a "new obligation" and creating a "substantive" and enforceable right in that defendant. *Fowler*, 282 Ga. at 78. The majority cites no cases, and I am aware of none, negating these obvious inferences from binding Supreme Court precedent. I therefore dissent.

DECIDED SEPTEMBER 17, 2010 — 

*Freeman, Mathis & Gary, Philip W. Savrin*, for appellant.
*Savage, Turner, Pinson & Karsman, Ashleigh R. Madison*, for appellees.