In the Supreme Court of Georgia

Decided: November 17, 2014

S14A1680.  CRANE COMPOSITES, INC.  v.  WAYNE FARMS, LLC et al.

THOMPSON, Chief Justice.

The question for decision in this case is whether OCGA § 9-11-68, a tort reform, fee-shifting statute, can be applied to a negligence action in which the injury occurred prior to the effective date of the statute, but in which the action was filed after that date.  We answer this question affirmatively and, in so doing, we overrule L. P. Gas Industrial Equipment Co. v. Burch, 306 Ga. App. 156 (701 SE2d 602) (2010).

Wayne Farms owned and operated a chicken processing plant in Oakwood, Georgia.  A fire broke out at the plant on May 19, 2003.  Roughly three years later, Wayne Farms and its insurers filed suit against Crane Composites, Inc. ("Crane"), which manufactured interior panels used in the plant, alleging Crane's negligence caused the fire to spread extensively.  In the meantime, the legislature enacted OCGA § 9-11-68 (b) (1), which reads, in part:

If a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.[1]

On March 4, 2009, in the midst of litigation, Crane made a formal offer of settlement for $500,000; appellees did not accept the offer within 30 days and it was deemed rejected.[2] On May 30, 2012, a jury returned a verdict in Crane's favor, absolving Crane of liability. Crane then sought to recover attorney fees and costs from Wayne Farms. The trial court denied Crane's request, relying on L. P. Gas, supra, which held that OCGA § 9-11-68 could not be applied in a negligence case where the underlying injury occurred prior to the effective date of the statute. Crane appealed and an equally divided Court of Appeals

---

[1] This statute, which was effective April 27, 2006, amended Ga. L. 2005, p. 1, § 5, which provided:

When [a] complaint sets forth a tort claim for money, if the offeree rejects or does not accept the offer and the judgment finally obtained by the offeree was not at least 25 percent more favorable than the last offer, the offeree shall pay the offeror's reasonable attorney's fees and costs incurred after the rejection of the last offer.

[2] See OCGA § 9-11-68 (c).

transferred the case to this Court pursuant to Article VI, Section V, Paragraph V of the Georgia Constitution of 1983.

In Fowler Properties v. Dowland, 282 Ga. 76 (646 SE2d 197) (2007), plaintiff sued defendants for damages she allegedly sustained as a result of a slip and fall in defendants' parking lot. The suit was filed in 2002. In 2005, following the enactment of OCGA § 9-11-68, defendants made an offer to settle the case for $20,000. Plaintiff rejected the offer and the case went to trial. After the jury rendered a verdict in favor of defendants, defendants moved for attorney fees pursuant to OCGA § 9-11-68. The trial court denied the request, finding the code section unconstitutional. On appeal, this Court affirmed, ruling as follows:

> legislation which involves mere procedural or evidentiary changes may operate retrospectively; however, legislation which affects substantive rights may only operate prospectively. Enger v. Erwin, 245 Ga. 753, 754 (267 SE2d 25) (1980). The distinction is that a substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations. Polito v. Holland, 258 Ga. 54 (3) (365 SE2d 273) (1988). When Dowland instituted her tort action on December 18, 2002, the possibility that she may be responsible for paying the opposing party's attorney fees and expenses of litigation by rejecting an offer of settlement did not exist because OCGA § 9-11-68 did not take effect until more than three years later. *OCGA § 9-11-68 (b) (1)*

*does not merely prescribe the methods of enforcing rights and obligations, but rather affects the rights of parties by imposing an additional duty and obligation to pay an opposing party's attorney fees when a final judgment does not meet a certain amount or is one of no liability. By creating this new obligation, the statute operates as a substantive law, which is unconstitutional given its retroactive effect to pending cases like this one.*

Id. at 78 (emphasis supplied).

Thereafter, in L. P. Gas, supra, a majority of the Court of Appeals held that Fowler was applicable in a negligence case in which, like the case at bar, the underlying injury occurred prior to the effective date of OCGA § 9-11-68, but suit was filed after the effective date. In so doing, the appellate court reasoned that the offer-of-settlement statute could not be applied retroactively because the statute acts as a substantive law and the substantive rights of the parties were fixed when the injury occurred. This was incorrect because when OCGA § 9-11-68 is applied, the substantive rights of the parties are not fixed before the lawsuit is filed.[3]

It is true that OCGA § 9-11-68 created substantive rights and that,

---

[3] We granted a petition for a writ of certiorari in that case, L. P. Gas, 306 Ga. App. 912 (2011 Ga. LEXIS 325); however, the petition was withdrawn. L. P. Gas, 2011 Ga. LEXIS 770.

therefore, it cannot be applied retroactively. However, the rights created by the statute pertain to attorney fees and expenses arising out of litigation, not damages stemming from injury. See generally Georgia Department of Corrections v. Couch, 295 Ga. 469, 476 (759 SE2d 804) (2014) ("attorney fees awarded under the offer-of-settlement statute are wholly dependent upon the parties' conduct during the underlying tort action and may be sought only in connection with such an action"). In other words, the offer-of-settlement statute operates substantively, but only insofar as it imposes an obligation to pay an opposing party's attorney fees and expenses of litigation. Thus, it cannot be said that the statute operates retroactively upon substantive rights simply because the injury occurred before the effective date of the statute. Rather, because the rights created by the statute pertain to the conduct of litigation, the statute is acting prospectively, not retroactively, when applied to litigation commenced after the effective date.

Looking back at Fowler, it held only that the statute could not be applied retroactively in that case because the plaintiff filed suit three years before the statute became effective. But the statute could have been applied in Fowler if the

5

lawsuit had been filed after the effective date, notwithstanding the fact that the injury occurred prior to the effective date.

Turning now to this case, we find that, although the underlying injury occurred before the effective date of OCGA § 9-11-68, the offer-of-settlement statute properly applies prospectively because the lawsuit was commenced after the effective date.

Judgment reversed. Hines, P. J., Benham, Hunstein, Melton, Blackwell, JJ., and Judge A. Gregory Poole concur. Nahmias, J., disqualified.