**THIRD DIVISION**
**ELLINGTON, P. J.,**
**ANDREWS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 23, 2017**

# In the Court of Appeals of Georgia

A17A0420. GREENWALD et al. v. SUGARLOAF RESIDENTIAL
PROPERTY OWNERS ASSOCIATION, INC.

RICKMAN, Judge.

In 2001, Sugarloaf Residential Property Owners Association, Inc. ("Sugarloaf") filed a complaint against Denise and Gary Greenwald seeking a declaratory judgment that the Greenwalds had failed to comply with Sugarloaf residential covenants, conditions, and restrictions and an injunction to halt landscaping work at the Greenwalds' residence. Thereafter, also in 2001, the Greenwalds filed an answer and asserted counterclaims against Sugarloaf for abuse of discretion, nuisance, willful misconduct, and attorney fees.[1] From 2010 through 2011, Sugarloaf made three

---

[1] The Greenwalds amended their counterclaim in 2002 to add a claim for abatement.

settlement offers pursuant to OCGA § 9-11-68 (a)[2] which were each rejected by the Greenwalds. After all of the substantive claims were disposed of in Sugarloaf's favor, Sugarloaf filed a motion for attorney fees and expenses of litigation pursuant to OCGA § 9-11-68 (b) (1).[3] The trial court granted Sugarloaf's motion, and the Greenwalds appealed.

In an unpublished opinion, this Court explained that, "[i]n granting Sugarloaf's motion, the trial court's order relied heavily upon our decision in *L. P. Gas Indus.*

---

[2] Under OCGA § 9-11-68 (a),
[a]t any time more than 30 days after the service of a summons and complaint on a party but not less than 30 days (or 20 days if it is a counteroffer) before trial, either party may serve upon the other party, but shall not file with the court, a written offer, denominated as an offer under this Code section, to settle a tort claim for the money specified in the offer and to enter into an agreement dismissing the claim or to allow judgment to be entered accordingly.

[3] OCGA § 9-11-68 (b) (1) provides,
[i]f a defendant makes an offer of settlement which is rejected by the plaintiff, the defendant shall be entitled to recover reasonable attorney's fees and expenses of litigation incurred by the defendant or on the defendant's behalf from the date of the rejection of the offer of settlement through the entry of judgment if the final judgment is one of no liability or the final judgment obtained by the plaintiff is less than 75 percent of such offer of settlement.

*Equip. Co. v. Burch*, 306 Ga. App. 156 (701 SE2d 602) (2010), to conclude that the relevant date for application of [OCGA § 9-11-68] was 'the date(s) of the occurrence of the acts giving rise to the Greenwald[s'] cause of action[.]' *Greenwald v. Sugarloaf Residential Property Owners Assn., Inc.*, Case No. A15A1136, p. 3 (1) (decided Nov. 10, 2015) (unpublished). However, this Court noted that *L. P. Gas* was overturned by *Crane Composites, Inc. v. Wayne Farms, LLC*, 296 Ga. 271 (765 SE2d 921) (2014) on the day before the trial court's order was entered. *Greenwald*, at 4 (1). Accordingly, this Court vacated the trial court's judgment and remanded this case back to the trial court "for reconsideration of the effect . . . that *Crane Composites* has upon its decision to grant the motion for attorney fees and expenses." Id.

On remand, the trial court found that under *Crane Composites* it was still authorized to grant attorney fees and expenses to Sugarloaf pursuant to OCGA § 9-11-68. The Greenwalds appeal from that order, contending, inter alia, that the application of OCGA § 9-11-68 to this case is unconstitutional. For the following reasons, we reverse.

1. The Greenwalds contend that the application of OCGA § 9-11-68 to this case is unconstitutional. Specifically, they argue that under *Crane Composites*, because

3

their lawsuit was commenced prior to the effective date of OCGA § 9-11-68, this statute was impermissibly applied retroactively.

"OCGA § 9-11-68, was enacted as part of the Tort Reform Act of 2005, Ga. L. 2005; it became effective on February 16, 2005, during the pendency of this litigation. The Code section was amended by Ga. L. 2006, p. 589, § 1/HB 239, effective April 27, 2006." *Fowler Properties Inc., v. Dowland*, 282 Ga. 76, 77 (1) (646 SE2d 197) (2007). "OCGA § 9-11-68 created substantive rights and . . . therefore, it cannot be applied retroactively. However, the rights created by the statute pertain to attorney fees and expenses arising out of litigation, not damages stemming from injury." *Crane Composites*, 296 Ga. at 273.

> In other words, [OCGA § 9-11-68] operates substantively, but only insofar as it imposes an obligation to pay an opposing party's attorney fees and expenses of litigation. Thus, it cannot be said that the statute operates retroactively upon substantive rights simply because the injury occurred before the effective date of the statute. Rather, because the rights created by the statute pertain to the conduct of litigation, the statute is acting prospectively, not retroactively, when applied to litigation commenced after the effective date.

Id.

The trial court found that the Greenwalds implicitly amended their counterclaim to add a claim for continued nuisance and expressly amended their counterclaim to add a claim for punitive damages after the effective date of OCGA § 9-11-68. The trial court reasoned that because these amendments were added after the effective date of OCGA § 9-11-68, under *Crane Composites*, attorney fees and expenses pursuant to the statute were authorized. We disagree.

In *Fowler Properties*, the Supreme Court of Georgia held that the application of OCGA § 9-11-68 to a tort action that was filed in 2002 was unconstitutional. *Fowler Properties,* 282 Ga. at 78-79 (1). The Court explained that,

> [w]hen [the plaintiff] instituted her tort action on December 18, 2002, the possibility that she may be responsible for paying the opposing party's attorney fees and expenses of litigation by rejecting an offer of settlement did not exist because OCGA § 9-11-68 did not take effect until more than three years later. OCGA § 9-11-68 (b) (1) does not merely prescribe the methods of enforcing rights and obligations, but rather affects the rights of parties by imposing an additional duty and obligation to pay an opposing party's attorney fees when a final judgment does not meet a certain amount or is one of no liability. By creating this new obligation, the statute operates as a substantive law, which is unconstitutional given its retroactive effect to pending cases like this one.

5

*Fowler Properties*, 282 Ga. at 78 (1).

The Supreme Court of Georgia in *Crane Composites* held that OCGA § 9-11-68 was "properly applie[d] prospectively [even though the alleged injury occurred prior to the statute's effective date] because the lawsuit was commenced after the effective date [of the statute]." *Crane Composites*, 296 Ga. at 274. The Court in *Crane Composites* distinguished *Fowler Properties* by reasoning that in *Fowler Properties* the Court held only that OCGA § 9-11-68 could not be applied retroactively because the lawsuit was filed prior to the effective date of the statute. Id. The Court noted that, "[OCGA § 9-11-68] could have been applied in *Fowler* if the lawsuit had been filed after the effective date." Id.

As a matter of first impression, we consider whether OCGA § 9-11-68 applies when a lawsuit is filed prior to the effective date of the statute and is subsequently amended to add additional claims after the effective date of the statute. Sugarloaf argues that because the Greenwalds amended their counterclaims after the effective date of OCGA § 9-11-68, the trial court properly applied the statute to this case. However, Sugarloaf's argument is an overly broad interpretation of existing Supreme Court precedent. In both *Crane Composites and Fowler Properties*, the Supreme Court focused on the date the lawsuit was filed in determining whether OCGA § 9-

6

11-68 was being improperly, retroactively applied. See *Crane Composites*, 296 Ga. at 274; see also *Fowler Properties*, 282 Ga. at 78 (1); see generally *Ga. Dept. of Corrections v. Couch*, 295 Ga. 469, 476 (2) (b) (759 SE2d 804) (2014) (rights created by OCGA § 9-11-68 (b) pertain to tort *action*, not tort *claim*).

In this case, pretermitting whether the Greenwalds amended their counterclaim after the effective date of OCGA § 9-11-68 to add claims for continued nuisance and punitive damages, the lawsuit was commenced in 2001 when the Greenwalds filed their initial counterclaim, which included tort claims, prior to the effective date of the statute. Accordingly, because OCGA § 9-11-68 became effective while this case was pending, the retroactive application of the statute is unconstitutional. We therefore reverse the trial court's award to Sugarloaf of attorney fees and expenses pursuant to OCGA § 9-11-68. See *Olarsch v. Newell*, 295 Ga. App. 210, 212-213 (1) (671 SE2d 253) (2008); see also *Fowler Properties*, 282 Ga. at 77-79 (1). Compare *Crane Composites*, 296 Ga. at 273-274.

2. Because of our holding in Division 1, we need not address the Greenwalds' remaining arguments.

*Judgment reversed. Ellington, P. J., and Andrews, J., concur.*

7