[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 12, 2004
THOMAS K. KAHN
CLERK

No. 02-12261

_____

D. C. Docket No. 98-00223-CV-4-BAE

CSX TRANSPORTATION, INC.,
NATIONAL RAILROAD PASSENGER CORPORATION,

Plaintiffs-Cross-
Defendants-Appellants,

versus

THE CITY OF GARDEN CITY,

Defendant-Third-Party
Plaintiff-Appellee,

versus

ARCO INC.,

Third-Party Defendant-
Cross-Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(January 12, 2004)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

BIRCH, Circuit Judge:

This court certified to the Supreme Court of Georgia two questions of Georgia law that we found determinative of a case pending in this court and for which there appeared to be no controlling precedent. CSX Transp., Inc. v. City of Garden City, 325 F.3d 1236, 1249 (11th Cir. 2003). The Georgia Supreme Court answered both certified questions, and, based on its answers, we AFFIRM in part and REMAND in part.

The Georgia Supreme Court set out the facts as follows:

In 1996 Garden City entered into a series of agreements with CSX Transportation Inc. and its affiliates to utilize a railroad right-of-way to install water and sewer lines. The agreements required Garden City to indemnify and hold harmless CSX or its subsidiaries for all liabilities CSX suffered in connection with the project and for which CSX was not the sole cause. The agreements also required Garden City to maintain insurance covering the indemnity obligations the City had assumed. In October 1997 a passenger train collided with a tractor trailer operated by Garden City's subcontractor causing CSX to incur substantial property damage and subjecting CSX to third-party claims. CSX sought indemnification from Garden City in accordance with the agreements. Garden City refused and CSX brought suit alleging that it was entitled to indemnification. The district court granted summary judgment to the City, finding that the indemnification provision constituted an impermissible waiver of the City's sovereign immunity in the absence of any evidence that the City had liability insurance to cover the indemnity claim. The Eleventh Circuit reversed and remanded to the trial court for its consideration of the effect of the City's participation in the Georgia Interlocal Risk Management Agency (GIRMA), a multi-government insurance fund.

2

On remand, the district court again granted summary judgment to the City, finding that the indemnification agreements were ultra vires and that O.C.G.A. § 36-33-1(a) did not authorize the City to waive its immunity by entering into an indemnity contract.

CSX Transp., Inc. v. City of Garden City, 588 S.E.2d 688, 688-89 (Ga. 2003).

CSX again appealed the district court's ruling to us, whereupon we certified the following two questions to the Georgia Supreme Court:

> 1. MAY A GEORGIA MUNICIPALITY CONTRACTUALLY INDEMNIFY A PRIVATE PARTY FOR ANY AND ALL LOSS, DAMAGE, AND LIABILITY ARISING IN CONNECTION WITH A PUBLIC WORKS PROJECT INVOLVING THE PRIVATE PARTY'S LAND?
> 2. IF NOT, IS THERE ANY LOSS, DAMAGE, OR LIABILITY ARISING IN CONNECTION WITH A PUBLIC WORKS PROJECT INVOLVING A PRIVATE PARTY'S LAND FOR WHICH A GEORGIA MUNICIPALITY MAY CONTRACTUALLY INDEMNIFY THE PRIVATE PARTY?

CSX Transp., 325 F.3d at 1249.

The Georgia Supreme Court answered both certified questions in the negative. CSX Transp., 588 S.E.2d at 689. Relying on the plain language of O.C.G.A. § 36-33-1(a),[1] the court concluded that "sovereign immunity may be

---

[1] O.C.G.A. § 36-33-1(a) provides that
there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages. A municipal corporation shall not waive its immunity by the purchase of liability insurance, . . . unless the policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy.
O.C.G.A. § 36-33-1(a).

3

waived only by an act of the legislature" and, therefore, "the indemnification agreement between the City and CSX is void as an ultra vires contract." Id. at 690. The court also "decline[d] CSX's invitation to find that municipalities have an implied authority to do what is expressly reserved to the legislature." Id. Thus, according to the Georgia Supreme Court, Georgia municipalities may never waive their sovereign immunity by, for example, contracting to indemnify third parties, without (1) express legislative authority or (2) satisfying the requirements of § 36-33-1(a). See id.

Finding the indemnity contract between the City and CSX to be void for lack of legislative authority, however, did not end the Georgia Supreme Court's analysis because, under § 36-33-1(a), a municipality's sovereign immunity still may be waived "by the purchase of liability insurance if the 'policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy.'"[2] Id. (quoting O.C.G.A. § 36-33-1(a)). Consequently, while the indemnification agreement between the City and CSX was correctly determined by the district court to be void as ultra vires, we again must remand this case to the district court for consideration of whether, pursuant to O.C.G.A. § 36-33-1(a), Garden City waived its sovereign

_____

[2]The Georgia Supreme Court stated that the City's "purchase of a GIRMA coverage agreement . . . constitutes the purchase of liability insurance." CSX Transp., 588 S.E.2d at 690.

4

immunity as to CSX's cause of action by purchasing GIRMA insurance. On remand, the district court on remand must scrutinize the GIRMA policy and consider "if the facts behind CSX's cause of action against the City fall within the scope of coverage provided by the GIRMA policy and sovereign immunity would otherwise apply to that cause of action" to determine whether the City's sovereign immunity was "waived to the extent of such liability coverage." Id. The decision of the United States District Court is therefore AFFIRMED in part and REMANDED in part for further proceedings consistent with this opinion.