**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 22, 2016**

# In the Court of Appeals of Georgia

A16A0572. CITY OF TYBEE ISLAND v. HARROD.                RI-020

RICKMAN, Judge.

Following his arrest and conviction for public intoxication and disorderly conduct, Michael Harrod sued the City of Tybee Island for assault and battery and intentional infliction of emotional distress in connection with his arrest. A jury found against the City and in favor of Harrod and awarded him monetary damages. The City appeals the judgment entered on the jury verdict. For the reasons that follow, we remand this case to the trial court in order for it to determine the threshold issue of whether the City waived its sovereign immunity.

The City filed a motion for summary judgment contending, among other things, that Harrod's claims were barred by sovereign immunity. The trial court denied the motion, holding that "genuine issues of material fact" regarding whether the City

waived sovereign immunity by its purchase of insurance through the Georgia Interlocal Risk Management Agency ("GIRMA") precluded summary judgment. At the close of Harrod's case, the City moved for directed verdict, again asserting sovereign immunity, and the trial court denied the motion after expressing its "inclination . . . to let the jury decide" the factual issues surrounding sovereign immunity.

The trial court erred in failing to decide the threshold legal issue as to whether the City was entitled to sovereign immunity.

> Sovereign immunity of a [municipality] is not an affirmative defense, going to the merits of the case, but raises the issue of the trial court's subject matter jurisdiction to try the case, and waiver of sovereign immunity must be established by the party seeking to benefit from that waiver; thus, [Harrod] had the burden of establishing waiver of sovereign immunity. . . . Jurisdiction of a court to afford the relief sought is a matter which should be decided preliminarily, at the outset. Jurisdiction either exists or does not exist without regard to the merits of the case. Thus, when a court either has or lacks subject matter jurisdiction, despite any conflict in the facts, the trial court should as a threshold issue determine its jurisdiction.

(Citations and punctuation omitted.) *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 671-672 (1) (a) (570 SE2d 1) (2002).

2

We recognize that "this Court has consistently held that the purchase of a GIRMA coverage agreement as authorized by OCGA § 36-85-1 et seq., constitutes the purchase of liability insurance for purposes of the waiver of sovereign immunity, and does so to the extent of the liability coverage purchased." (Citations and punctuation omitted.) *Owens v. City of Greenville*, 290 Ga. 557, 559 (3) (a) (722 SE2d 755) (2012). However, Harrod must still prove, and the trial court must determine, if the facts underlying his cause of action fell within the scope of coverage of the City's GIRMA policy. See *CSX Transp., Inc. v. City of Garden City*, 277 Ga. 248, 250 (2) (588 SE2d 688) (2003); see also *Board of Regents of University System of Georgia v. Daniels*, 264 Ga. 328 (446 SE2d 735) (1994). We note that at no point in this Court or in the trial court did Harrod point to the specific contractual provision that he contends covers his claims.

By submitting issues of fact to the jury that necessitated resolution and a determination of jurisdiction by the trial court, "[t]he effect of the trial court's ruling was to avoid its responsibility to decide the jurisdictional question." (Citations omitted.) *Derbyshire v. United Builders Supplies, Inc.*, 194 Ga. App. 840, 843 (1)

3

(392 SE2d 37) (1990). The trial court never resolved the issue of sovereign immunity or clarified its ruling prior to trial.[1]

We must, therefore, vacate the judgment and remand for proceedings consistent with this opinion. See *Derbyshire*, 194 Ga. App. at 843 (1); see also *Gonzalez v. Georgia Dept. of Transp.*, 329 Ga. App. 224, 225-226 (764 SE2d 462) (2014); *Glass v. Gates*, 311 Ga. App. 563, 573-574 (1) (716 SE2d 611) (2011). "If the court finds no jurisdiction as to [Harrod], the final judgment rendered against [him] must fall." *Derbyshire*, 194 Ga. App. at 843 (1). If not, the trial court may reinstate the judgment. Either party may appeal the final ruling of the trial court.

*Judgment vacated and case remanded. Barnes, P. J., and Boggs, J., concur.*

---

[1] The trial court also denied the City's renewed motion for directed verdict based on sovereign immunity at the close of the evidence. Nevertheless, in the absence of any discussion or acknowledgment that the issue was a legal one based solely upon a legal finding that Harrod's claims fall within the policy coverage such that sovereign immunity was waived, we cannot conclude that the trial court's decision amounted to entry of "an order deciding the issue of subject matter jurisdiction." *Dept. of Transp*, 256 Ga. App. at 672 (1) (a). See also *Derbyshire*, 194 Ga. App. at 843 (1) ("[A] judgment based on an erroneous legal conclusion or theory is reversible error").