**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 27, 2018**

# In the Court of Appeals of Georgia

A18A0415. HARRELL v. CITY OF GRIFFIN.

RICKMAN, Judge.

Those desiring to file suit for damages against a municipality must provide ante litem notice of the claim to the municipality within six months of the related injury. See OCGA § 36-33-5. Two months after Mary Harrell was involved in an automobile collision with a City of Griffin police officer, an amendment to the ante litem notice requirement, new subsection (e), became effective, thereby requiring that the notice include "the specific amount of monetary damages being sought . . . [which] shall constitute an offer of compromise." Ga. L. 2014, p. 125, § 1. Over two months after the amendment became effective, Harrell gave ante litem notice to Griffin but failed to include the specific information required by the amendment. The trial court granted

Griffin's motion to dismiss Harrell's complaint for that reason. Harrell appeals. For the reasons that follow, we affirm.

We review the grant of any motion to dismiss de novo, and a motion to dismiss "should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof." (Citation and punctuation omitted.) *Babalola v. HSBC Bank, USA, N. A.*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013). "[W]e construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Georgia Dept. of Community Health v. Data Inquiry, LLC*, 313 Ga. App. 683 (722 SE2d 403) (2012).

So construed, the record shows that on May 2, 2014, Harrell was a passenger in a truck driven by her husband and that she was injured in an accident with a police car being driven by a police officer acting within the scope of her employment with the City of Griffin Police Department. On September 16, 2014, Harrell provided the city ante litem notice of her intention to file suit. In the letter, Harrell provided, among other things, information about the time, place, and extent of the injury, and she alleged the negligence that caused the injury. With regard to the "[a]mount of loss claimed," Harrell stated that she sought "[f]ull recovery allowed by Georgia law,

2

including, but not limited to, damages for past and future pain and suffering, past and future medical expenses, and past and future lost wages." The city attorney for Griffin replied to the notice indicating that the city had "conducted a preliminary investigation of this matter"; that the city "acknowledg[ed] receipt of your claim"; that the claim had been filed with the Georgia Interlocal Risk Management Agency; and that a claims representative would "conduct a further investigation and manage the claim on the City's behalf."

Harrell filed suit on February 2, 2016, and Griffin eventually filed a motion to dismiss on the ground that Harrell's ante litem notice was insufficient. The trial court granted the motion on the ground that Harrell failed to provide "the specific amount of monetary damages being sought from [Griffin]" as required by OCGA § 36-33-5 (e). On appeal, Harrell argues that her ante litem notice substantially complied with the statute, including subsection (e), and that application of subsection (e) to her claim constitutes an improper retroactive application of law. We agree with the trial court that Harrell did not provide the required information and that the amendment can be applied to her claim.

At the time of Harrell's injury, a claimant was required to include the following information in the ante litem notice: "the time, place, and extent of the injury, as

3

nearly as practicable, and the negligence which caused the injury." OCGA § 36-33-5 (b) (2012). In 2014, the Code section was amended to include new subsections (e) and (f). See Ga. L. 2014, p. 125, § 1. New subsection (e) adds a requirement that

> [t]he description of the extent of the injury required in subsection (b) of this Code section *shall include the specific amount of monetary damages* being sought from the municipal corporation. The amount of monetary damages set forth in such claim *shall constitute an offer of compromise*. In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant.

(Emphasis supplied.) OCGA § 36-33-5 (e).[1] This new requirement became effective July 1, 2014,[2] approximately two months after Harrell's injury and a little over two months prior to when she gave ante litem notice to Griffin.

---

[1] New subsection (f) provides to whom the notice must be delivered and in what manner. OCGA § 36-33-5 (f).

[2] See OCGA § 1-3-4 (a) ("Unless a different effective date is specified in an Act . . . [a]ny Act which is approved by the Governor or which becomes law without his approval on or after the first day of January and prior to the first day of July of a calendar year shall become effective on the first day of July[.]"). The 2014 act amending OCGA § 36-33-5 did not specify a different effective date. See Ga. L. 2014, p. 125, § 1.

1. Harrell contends the trial court erred in dismissing her suit because her ante litem notice substantially complied with OCGA § 36-33-5. See *City of Greensboro v. Rowland*, 334 Ga. App. 148, 151 (2) (778 SE2d 409) (2015) (addressing subsection (b) but not subsection (e); holding that "substantial compliance with OCGA § 36-33-5 is all that is required") (citation omitted); *Owens v. City of Greenville*, 290 Ga. 557, 561 (4) (722 SE2d 755) (2012) (same). Even if only substantial compliance is required for subsection (e), we hold that the notice provided here was not substantially sufficient.

"[T]here is no precise standard for determining whether any given ante-litem notice is substantively sufficient." (Citation and punctuation omitted.) *Owens*, 290 Ga. at 561 (4), But in *Owens*, our Supreme Court looked to the relevant language of OCGA § 36-33-5 (b) to determine whether a particular ante litem notice substantially complied with that subsection. Id. at 561-562 (4). The court noted that subsection (b) required a description of "the time, place, and extent of the injury, *as nearly as practicable*." (Citation and punctuation omitted; emphasis supplied.) Id. at 562 (4). The court concluded that the emphasized language showed that "absolute exactness need not be had." (Citation and punctuation omitted.) Id.

5

But subsection (e) of OCGA § 36-33-5 contains markedly different language than subsection (b); it expressly requires additional "specific" information: "The description of the extent of the injury required in subsection (b) of this Code section shall include the specific amount of monetary damages being sought . . . [which] shall constitute an offer of compromise." OCGA § 36-33-5 (e). Further, the remainder of subsection (e) directly implies that the defendant may accept such an offer, thereby creating a binding settlement. Id. ("In the event such claim is not settled by the municipal corporation and the claimant litigates such claim, the amount of monetary damage set forth in such claim shall not be binding on the claimant."). It follows that a notice does not substantially comply with subsection (e) unless a specific amount is given that would constitute an offer that could be accepted by the municipality.[3]

Here, Harrell's notice did not include any specific amount of monetary damages being sought from Griffin that could constitute an offer of compromise. Accordingly, the trial court did not err by concluding that Harrell's notice did not comply with OCGA § 36-33-5 (e). Cf. *Simmons v. Mayor & Alderman of City of*

---

[3] This required specificity also serves to distinguish cases such as *Atlanta Taxicab Co. Owners Assoc. v. City of Atlanta*, 281 Ga. 342, 352 (5) (638 SE2d 307) (2006), which hold that "[t]he information supplied will be deemed sufficient if it puts a municipality on notice of the general character of the complaint, and, in a general way, of the time, place, and extent of the injury."

6

*Savannah*, 303 Ga. App. 452, 455 (693 SE2d 517) (2010) (ante litem notice did not substantially comply with OCGA § 36-33-5 (b) where it "failed to properly or even generally identify where the incident actually occurred").

2. Harrell contends the trial court erred in dismissing her suit because the amendment to OCGA § 36-33-5, adding subsection (e), cannot be applied to torts occurring prior to the amendment's effective date.

(a) "The general rule is that laws prescribe only for the future, and usually will not be given retrospective operation. They will be given a retrospective operation, however, when the language imperatively requires it, or when an examination of the act as a whole leads to the conclusion that such was the legislative purpose." *Canton Textile Mills, Inc. v. Lathem*, 253 Ga. 102, 103 (1) (317 SE2d 189) (1984). Accordingly, courts first look to the statutory text for a clear indication of whether the legislature intended a statute to apply retroactively. See *Deal v. Coleman*, 294 Ga. 170, 174-175 (1) (b) (751 SE2d 337) (2013).

In the 2014 Act amending OCGA § 36-33-5, the legislature did not expressly state whether the amendment applied to all torts that occurred after July 1, 2014 or only to all ante litem notices issued after that date. But the amendment's effect is to alter the information required in the ante litem notice itself and to indicate how and

7

on whom the notice must be served. Thus, the amendment pertains to the notice itself and not to the underlying tort. We therefore conclude that the amendment applies prospectively, i.e., to all ante litem notices issued after the effective date of the amendment. Accordingly, the trial court correctly applied OCGA § 36-33-5 (e) to the case at hand.

(b) In the alternative, Harrell contends that applying the amendment to an ante litem notice filed after the effective date of the amendment but arising out of a tort that occurred prior to the effective date constitutes an improper retrospective application of the amendment. We disagree.

"[A] statute does not operate retrospectively in its legal sense simply because it relates to antecedent facts, it must be intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence." (Citations and punctuation omitted.) *DeKalb County v. State*, 270 Ga. 776, 778 (1) (512 SE2d 284) (1999). "That is, retrospective operation takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past.

(Citations and punctuation omitted.) *Fowler Properties v. Dowland*, 282 Ga. 76, 77-78 (1) (646 SE2d 197) (2007); see generally *Deal*, 294 Ga. at 183 (2) (b) (vested rights are private rights that "refer to an individual's common law rights in property and bodily integrity, as well as in the enforcement of contracts").

"[L]egislation which involves mere procedural or evidentiary changes may operate retrospectively." (Citation omitted.) *Fowler Properties*, 282 Ga. at 77-78 (1). "The distinction is that a substantive law creates rights, duties, and obligations while a procedural law prescribes the methods of enforcing those rights, duties, and obligations." Id.; see also *Mason v. Home Depot U.S.A.*, 283 Ga. 271, 278 (4) (658 SE2d 603) (2008) ("there are no vested rights in any course of procedure") (citation and punctuation omitted).

Here, the 2014 amendment to OCGA § 36-33-5 merely refines one aspect of the procedure for enforcing the rights Harrell had arising out of his tort cause of action. It simply requires those desiring to file suit for damages against a municipality to include certain specific information in the required ante litem notice, namely "the specific amount of monetary damages being sought." Ga. L. 2014, p. 125, § 1. And although the specified amount "shall constitute an offer of compromise," that could be accepted by the municipality, such an offer of compromise does not affect the

measure of damages that Harrell would be entitled to at law.[4] In sum, the amendment affects only a procedure or remedy, and not any vested rights. See generally *Pritchard v. Savannah St. &c R. Co.*, 87 Ga. 294 (13 SE 493) (1891) (examining the difference between procedures and vested rights). We therefore find no constitutional violation.

*Judgment affirmed. McFadden, P. J., and Ray, J., concur.*

---

[4] Unlike the offer-of-settlement provision of the Tort Reform Act, OCGA § 9-11-68 (b), which provides, under certain circumstances, for an assessment of attorney fees and expenses of litigation against a plaintiff who rejects an offer of settlement by a defendant, OCGA § 36-33-5 does not provide for any penalty arising out of the required "offer of settlement" provided therein.