**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**September 3, 2025**

# In the Court of Appeals of Georgia

A25A1273. BURTS v. CITY OF ATLANTA.

DOYLE, Presiding Judge.

After an automobile collision involving an employee of the City of Atlanta ("the City") in which Ashlee Burts sustained injuries, Burts filed suit against the City. The City moved to dismiss Burts's amended complaint for failure to comply with the ante litem notice requirements in OCGA § 36-33-5 (e) — specifically for failure to include a specific amount of monetary damages being sought from the City. The trial court granted the motion, and Burts appeals, arguing that the trial court erred by dismissing her case because her notice requesting to settle for either the City's "liability policy limits or $250,000.00, whichever is greater," met the statutory requirement. For the reasons that follow, we reverse.

We review the grant of any motion to dismiss de novo, and a motion to dismiss should not be granted unless the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof. We construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor.[1]

Viewed in this light, the record shows that Burts alleged that on January 22, 2023, she was traveling on Donald Lee Hollowell Parkway when a City police officer driving a City vehicle attempted to turn left across the road, hitting Burts's vehicle and causing it to overturn and land on its roof. As a result of the accident, which Burts alleged occurred due to the officer's negligence, Burts's vehicle was damaged, and she was physically injured. On March 12, 2023, Burts's attorney sent a notice of claim to the City, providing the foregoing facts and noting that the amount of loss was yet to be determined. Burts sent a second notice of claim to the City on June 22, 2023, in which notice she offered to settle her claims for the City's "liability policy limits or $250,000, whichever is greater."

---

[1] (Citations and punctuation omitted.) *Harrell v. City of Griffin*, 346 Ga. App. 635, 636 (816 SE2d 738) (2018), quoting *Babalola v. HSBC Bank, USA*, 324 Ga. App. 750, 752 (2) (751 SE2d 545) (2013), *Ga. Dept. of Community Health v. Data Inquiry, LLC*, 313 Ga. App. 683 (722 SE2d 403) (2012).

The City answered and moved to dismiss the complaint,[2] arguing that Burts failed to comply with OCGA § 36-33-5 (e) because her June ante litem notice did not provide an exact amount for which she would settle her claim. Burts responded, arguing that the language of her June notice was sufficiently clear and definite to enable the City to settle her claim for either the amount of its insurance policy limits or $250,000, depending on which amount was greater. Nevertheless, the trial court accepted the City's argument and granted its motion to dismiss, finding that the June notice was not sufficient to meet the requirements of OCGA § 36-33-5 (e) because it did not include a specific settlement amount.

Burts appeals, arguing that her June notice was sufficient to satisfy OCGA § 36-33-5 (e) and that the trial court erred by granting the City's motion to dismiss based on its purported insufficiency. We agree.

First we review the statutory language of OCGA § 36-33-5 (e) "focus[ing] on the plain and ordinary meaning of legal text rather than its literal or hyper-technical

_____

[2] The City initially moved to dismiss based on an argument that Burts failed to establish waiver of sovereign immunity, but Burts amended her complaint on November 22, 2023, alleging that Davis was driving a covered motor vehicle at the time of the accident, which resulted in a waiver of sovereign immunity pursuant to OCGA §§ 36-92-1, 36-92-2. The trial court denied that motion to dismiss.

meaning."[3] Notably, the Georgia Supreme Court recently clarified that "substantial compliance with the municipal ante litem notice statute is all that is required."[4] OCGA § 36-33-5 requires that when filing suit against a municipality, a plaintiff must present an ante litem notice to the governing authority within six months of the event stating the time, place, extent of the injury, and the negligence that caused the plaintiff's injury. Subsection (e) of the statute requires that the plaintiff include in the notice "the specific amount of monetary damages being sought from the municipal corporation."[5] The subsection goes on to explain that "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise."[6] This Court has explained that "when our ante litem cases refer to an offer that could be accepted

---

[3] (Punctuation omitted.) *Fleureme v. City of Atlanta*, Case No. S24G0995 at *12 (___ Ga. ___) (2) (a) (___ SE2d ___) (decided June 24, 2025).

[4] (Punctuation omitted.) id. at *14-17 (2) (b), overruling in part *City of Albany v. GA HY Imports, LLC*, 348 Ga. App. 885, 891 (1) (825 SE2d 385) (2019).

[5] OCGA § 36-33-5 (e).

[6] OCGA § 36-33-5 (e).

by the municipality [or an offer of compromise], they simply mean an offer sufficiently definite that acceptance would create a binding settlement agreement."[7]

Despite the fact that Burts's notice provided two possible amounts for which she would settle ($250,000 or policy limits), her use of a restrictive clause indicates that she sought to settle only one of those amounts — the greater of the two. This is a clear, unambiguous, identifiable, finite settlement amount constituting an offer of compromise.[8] There is no record evidence of policy limits that this Court could find

---

[7] (Citations and punctuation omitted.) *City of Suwanee v. Padgett*, 364 Ga. App. 34, 36 (2) (873 SE2d 712) (2022).

[8] Compare *Richburg v. City of Atlanta*, 375 Ga. App. 360, 362-363 (916 SE2d 159) (2025) (affirming dismissal based on failure to specify damages sought because "given his use of the combined conjunctive-disjunctive 'and/or,' the notice may be read as offering to settle his claims for $20,000, $100,000, or $120,000"); *Dates v. City of Atlanta*, 371 Ga. App. 824, 827-828 (2) (903 SE2d 289) (2024) (notice stating that plaintiff was seeking damages in excess of $500,000 was insufficient); *City of Alpharetta v. Francis*, 366 Ga. App. 454, 456-457 (1) (883 SE2d 400) (2023) (notice was insufficient because it provided a range of possible damages and not a specific number); *City of Norcross v. Johnson*, 363 Ga. App. 78, 80-81 (1) (870 SE2d 564) (2022) (notice was insufficient because the amount sought was a total amount from all defendants such that the city was left to speculate as to the amount sought from it); *City of Conyers v. Sampson*, 362 Ga. App. 301, 303 (868 SE2d 283) (2022) (holding insufficient a "joint notice to the City and the County[,which] stated only that the 'amount of the claim is $500,000.' [This left] the City to speculate what amount between $0 and $500,000 constituted [the plaintiffs'] offer of compromise to the City" individually); *City of Atlanta v. Burgos*, 361 Ga. App. 490, 493-494 (1) (864 SE2d 670) (2021) (insufficient compliance with statute because none of the notices

and no record citation provided by the parties. In its brief, the City states that its policy limits are $500,000, citing to OCGA § 36-92-2, but that statute is the amount for which a municipal corporation has been deemed to have waived sovereign immunity regardless of whether any applicable insurance policy has been purchased.[9] The City also could have purchased additional applicable insurance, in which case its

contained a specific amount demanded, and the city's waiver of sovereign immunity up to its policy limits and failure to challenge the third ante litem notice did not save the plaintiff's failure); *Hall v. City of Blakely*, 361 Ga. App. 135, 137-139 (863 SE2d 393) (2021) (notice insufficient that stated plaintiff was seeking not less than $350,000 nor more than $2,000,000); *Tanks v. Nesmith*, 359 Ga. App. 596, 597, 599-600 (859 SE2d 559) (2021) (a notice's statement that "[a]mount of Loss Claim: $75,000.00, . . . [h]ospital bill in excess of $10,000" was insufficient because the total amount the plaintiff was seeking, "could range from $10,000 to infinity" and was not an unambiguous offer to settle for $75,000); *Davis v. City of Valdosta*, 357 Ga. App. 900, 901-902 (852 SE2d 859) (2020) (notice stating damages "for medical bills in the amount of $30,000 as well as general damages in an amount not less than $20,000" was statutorily insufficient); *Picklesimer v. City of Eastonton*, 356 Ga. App. 504, 505 (847 SE2d 863) (2020) (a notice stating that damages "are likely to exceed $100,000" did not meet the statutory requirement); *Manzanares v. City of Brookhaven*, 352 Ga. App. 293, 297 (1) (834 SE2d 358) (2019) (explaining that notice providing damages that "may exceed" $250,000 was too speculative to meet the requirement); *Pickens v. City of Waco*, 352 Ga. App. 37, 42-44 (1) (833 SE2d 713) (2019) (holding insufficient an ante litem notice stating that "the value of this claim may exceed $300,000.00"); *Harrell*, 346 Ga. App. at 636-638 (1) (explaining that a notice seeking damages constituting "[f]ull recovery" allowed under the law without any specific amount of damages was insufficient).

[9] See OCGA § 36-92-2 (a) (3).

sovereign immunity would be deemed waived to the limits of that policy.[10] Because the City knows the amount of its own liability insurance policy limits, the City had no need to speculate as to whether its policy limits were greater than or less than $250,000. Moreover, Burts provided various evidence of her losses to her property and person in her notices, so the City was in possession of the information necessary to decide whether to settle for the amount sought in Burts's ante litem notice.[11] Thus, Burts's notices substantially complied with the requirements of OCGA § 36-33-5, and therefore, the trial court erred by granting the City's motion to dismiss on this basis.

*Judgment reversed. Markle and Padgett, JJ., concur.*

---

[10] See OCGA § 36-92-2 (d) (3). For an extended discussion of insurance coverage and the history of OCGA § 36-92-2, see *Atlantic Specialty Ins. Co. v. City of College Park*, 313 Ga. 294 (869 SE2d 492) (2022).

[11] See *Padgett*, 364 Ga. App. at 36 (2). See also *City of Lafayette v. Chandler*, 354 Ga. App. 259, 261-262 (840 SE2d 638) (2020) (holding sufficient to meet OCGA § 36-33-5 (e) an ante litem notice stating that the plaintiff sought "to recover $1,000,000.00 (one million dollars) in monetary damages").