**THIRD DIVISION**
**DILLARD, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 9, 2026**

# In the Court of Appeals of Georgia

A26A0563. VU v. CITY OF ATLANTA.

Pɪᴘᴋɪɴ, Judge.

This case involves the sufficiency of a municipal ante litem notice. According to the operative complaint filed against the City of Atlanta, on January 15, 2025, a City employee driving a City-owned truck rear-ended Jenny Vu's car, seriously injuring her. On April 23, 2025, Vu served a timely ante litem notice on the City seeking "One Million and 00/100 Dollars ($1,000,000.00)" in damages "as full and final settlement of any and all claims ... Vu has ... against the City of Atlanta arising out of the accident." (Emphasis omitted.) The trial court later granted the City's motion to dismiss on the ground that Vu failed to comply with subsection (e) of the municipal ante litem notice statute, which requires that the notice "include the specific amount

of monetary damages being sought from the municipal corporation" and states that "[t]he amount of monetary damages set forth in such claim shall constitute an offer of compromise." OCGA § 36-33-5(e). Vu filed a timely notice of appeal.

The City argued in the trial court and maintains on appeal that Vu's ante litem notice failed to comply with OCGA § 36-33-5(e) because it sought "$1,000,000 in damages, well above the sovereign immunity waiver limit[,] which the City is statutorily prohibited from accepting." (Footnote omitted.) In support of this argument, the City relies on OCGA § 36-92-2, which it claims "caps the waiver of municipal sovereign immunity at $500,000" for losses arising from "the alleged negligent use of a motor vehicle." But the City has simply misread the statute.

OCGA § 36-92-2 does not "limit" or "cap" the extent of a municipality's waiver of sovereign immunity. To the contrary, as relevant here, the statute automatically waives the sovereign immunity of municipalities for losses arising out of claims for the negligent use of a motor vehicle up to "$500,000.00 because of bodily injury or death of any one person in any one occurrence ... and $50,000.00 because of injury to or destruction of property in any one occurrence," OCGA § 36-92-2(a)(3), and then specifies three ways that municipalities may "increase[]" the

statutory waiver of sovereign immunity, OCGA § 36-92-2(d). See *Atlantic Specialty Ins. Co. v. College Park*, 313 Ga. 294, 300(2) (869 SE2d 492) (2022). In any event, we have previously rejected the argument that the specific amount of monetary damages being sought must be "an amount the municipality is capable of accepting." *City of Suwanee v. Padgett*, 364 Ga. App. 34, 35-36(2) (873 SE2d 712) (2022). See also id. (explaining the meaning, in context, of the phrase "a specific amount ... that would constitute an offer that could be accepted by the municipality" as used in *Harrell v. City of Griffin*, 346 Ga. App. 635, 638(1) (816 SE2d 738) (2018), and repeated in *Pickens v. City of Waco*, 352 Ga. App. 37, 43(1) (833 SE2d 713) (2019)). Consequently, the trial court erred in granting the City's motion to dismiss, and we therefore reverse the trial court's judgment.

*Judgment reversed. Dillard, P. J., concurs dubitante. Gobeil, J., concurs in judgment only.*

A26A0563. VU v. CITY OF ATLANTA

DILLARD, Presiding Judge, concurring dubitante.

I agree with the majority that *City of Suwanee v. Padgett*[1] is controlling here, but

I have doubts about whether that case was correctly decided, so I concur dubitante.[2]

I do so because there is no indication that "the principle [established in *Padgett*] has

---

[1] 364 Ga. App. 34, 34-36 (873 SE2d 712) (2022).

[2] A concurrence dubitante is a concurrence given doubtfully. Unlike a concurrence in the judgment only or a special concurrence without a statement of agreement with all that is said, a concurrence dubitante is a *full* concurrence, albeit one with reservations. See *Benefield v. Tominich*, 308 Ga. App. 605, 611 n.28 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante); *Brumbelow v. Mathenia*, 358 Ga. App. 404, 404-05 (855 SE2d 425) (2021) (Dillard, P. J., concurring dubitante). See generally Jason J. Czarnezki, The Dubitante Opinion, 39 AKRON L. REV. 1 (2006).

caused confusion, has been difficult for the trial courts to apply consistently, or has led to conflicting decisions in our Court."[3] And notably, neither party has asked us to "revisit the principle [enshrined in *Padgett*], which, in my view, is a consideration of great significance."[4] I leave for another day, then, the question of whether *Padgett's* holding should be reconsidered at some point. Horizontal stare decisis functions as an essential, Burkean constraint on this Court's jurisprudence,[5] and I see no compelling reason to blithely disregard it here.

---

[3] *Benefield v. Tominich*, 308 Ga. App. 605, 613 (708 SE2d 563) (2011) (Blackwell, J., concurring dubitante); see *Frett v. State Farm Emp. Workers' Comp.*, 309 Ga. 44, 51 (3) (844 SE2d 749) (2020) ("Generally, we adhere to the principle of stare decisis, which directs the courts to stand by their prior decisions." (punctuation omitted)); *State v. Jackson*, 287 Ga. 646, 658 (5) (697 SE2d 757) (2010) ("Stare decisis is an important principle that promotes the rule of law ....").

[4] *Benefield*, 308 Ga. App. at 613.

[5] See *Ramos v. Louisiana*, 590 U.S. 83, 124 (140 SCt 1390, 206 LEd2d 583) (2020) (Kavanaugh, J., concurring in part) (noting that "horizontal stare decisis" is the respect a court "owes to its own precedents and the circumstances under which [it] may appropriately overrule a precedent ... ."); see also Richard W. Murphy, *Separation of Powers and the Horizontal Force of Precedent*, 78 Notre Dame L. Rev. 1075, 1076 (2003) (noting that "[t]he evidentiary force of precedents creates a presumption that they should be followed," and to "justify overruling a precedent, a court must overcome this presumption by offering countervailing 'evidence' in the form of an explanation of why the target precedent was unreasonably and seriously mistaken ... .").